Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
Melissa J. Levine
mlevine@ipcounselors.com
Jodi-Ann McLane (*pro hac vice* forthcoming)
jmclane@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiffs*
*Hyper Ice, Inc. and Hyperice IP Subco, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HYPER ICE, INC. and HYPERICE IP SUBCO, LLC,<br><br>*Plaintiffs*<br><br>v.<br><br>E HUNG TAT INTERNATIONAL GROUP CO., LIMITED d/b/a JQX-US and JINYUN LIGE TECHNOLOGY CO., LTD. d/b/a JINYUNLIGEKEJI,<br><br>*Defendants* | Civil Case No.: 25-cv-3643 (VSB)<br><br>**1) TEMPORARY RESTRAINING ORDER; 2) ORDER RESTRAINING DEFENDANTS' USER ACCOUNTS, MERCHANT STOREFRONTS AND DEFENDANTS' ASSETS WITH THE FINANCIAL INSTITUTIONS; 3) ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; 4) ORDER AUTHORIZING BIFURCATED AND ALTERNATIVE SERVICE; AND 5) ORDER AUTHORIZING EXPEDITED DISCOVERY**<br><br>**FILED UNDER SEAL** |

**GLOSSARY**

| Term | Definition |
|---|---|
| **Plaintiffs or Hyperice** | Hyper Ice, Inc. and Hyperice IP Subco, LLC |
| **Defendants** | E Hung Tat International Group Co., Limited d/b/a Jqx-US and Jinyun Lige Technology Co., Ltd. d/b/a Jinyunligekeji |
| **Amazon** | Amazon.com, a Seattle, Washington-based, online marketplace and e-commerce platform owned by Amazon.com, Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiffs |
| **New York Address** | 244 Madison Ave, Suite 411, New York, New York 10016 |
| **Complaint** | Plaintiffs' Complaint |
| **Application** | Plaintiffs' *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Defendants' User Accounts (as defined *infra*), Defendants' Merchant Storefront (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service; and 5) an order authorizing expedited discovery |
| **Arnold Dec.** | Declaration of Brian G. Arnold in Support of Plaintiffs' Application |
| **Levine Dec.** | Declaration of Melissa J. Levine in Support of Plaintiffs' Application |
| **Hyperice Products** | Plaintiffs' Hypervolt line of battery-powered percussive massage devices, including the Hypervolt Go 2, Hypervolt 2 and Hypervolt 2 Pro which are covered by one or more claims in the Hyperice Patents (defined *infra*) |
| **Hyperice Website** | https://www.hyperice.com/ |
| **Hyperice Amazon Storefront** | https://www.amazon.com/stores/Hyperice/page/D1C8E117-0D44-41F0-9B14-E5AE1F4EDD4C |
| **Hyperice Patents** | U.S. Patent No. 11,857,482 ("'482 Patent"), entitled "Massage Device Having Variable Stroke Length" and U.S. Patent No. 12,213,933 ("'933 Patent"), entitled "Massage Device with a Releasable Connection for a Massaging Head" |
| **Infringing Products** | Products which infringe one or more of the claims of the Hyperice Patents under the brand name "JQX" |
| **Infringing Listings** | Defendants' listings for Infringing Products |
| **User Account(s)** | Any and all websites owned and/or operated by Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with Defendants, advertise, promote, offer for sale and/or sell Infringing Products held and/or operated by Defendants, and any and all accounts with online marketplace platforms such as Amazon, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or |

| | associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with Defendants |
|---|---|
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with Defendants operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, make, use, offer for sale, sell and/or otherwise deal in Infringing Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with Defendants including, without limitation, the Merchant Storefronts located at https://www.amazon.com/sp?ie=UTF8&seller=A2F5I30TBCP8PT and https://www.amazon.com/sp?ie=UTF8&seller=AZH1R74KMWHA5 |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by Defendants or Defendants' User Accounts or Merchant Storefronts (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), Amazon payment services (e.g., Amazon Pay) and PingPong Global Solutions, Inc. ("PingPong") |
| **Third Party Service Providers** | Any third party providing services in connection with Defendants' User Accounts, including online marketplace platforms, including, without limitation, Amazon as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with Defendants manufacture, import, export, advertise, market, promote, distribute, make, use, offer for sale, sell and/or otherwise deal in Infringing Products which are hereinafter identified as a result of any order entered in this action, or otherwise |

On this day, the Court considered Plaintiffs' *ex parte* application (the "Application") for the following: 1) a temporary restraining order; 2) an order restraining Defendants' User Accounts, Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery against Defendants, Third Party Service Providers and Financial Institutions in light of Defendants' intentional and willful offerings for sale and/or sales of Infringing Products.[1] Having reviewed the Application, the Memorandum of Law in Support of the Application, Declarations of Brian G. Arnold and Melissa J. Levine, along with exhibits attached thereto and other evidence submitted in support thereof, the Court makes the following findings of fact and conclusions of law:

## PRELIMINARY FACTUAL FINDINGS & CONCLUSIONS OF LAW

1.    Founded in 2011, Hyperice is a technology-driven company specializing in ice, compression, thermal, vibration, contrast, and percussion technology. Hyperice's products are used by the world's best athletes and consumers throughout the United States and in over 60 countries.

2.    Hyperice IP Subco, LLC is a wholly owned subsidiary of Hyper Ice, Inc. and the assignee of the Hyperice Patents, i.e. U.S. Patent Nos. 11,857,482 and 12,213,933.

3.    Hyper Ice, Inc. is an exclusive licensee that has been granted the express, irrevocable right to, *inter alia*, sublicense, enforce, and defend the Hyperice Patents.

4.    Since 2018, Hyperice has developed, arranged for the manufacture of, offered for sale, and sold the Hypervolt line of battery-powered percussive massage devices, including the Hypervolt Go 2, Hypervolt 2, and Hypervolt 2 Pro (collectively, the "Hypervolt Products"), all of

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

which are covered by one or more claims of the Hyperice Patents.

5.  Hyperice sells multiple product lines under the Hyperice brand, including its Hypervolt Products to consumers in over sixty countries.

6.  In 2021, Hyperice was recognized by Fast Company as one of the World's Most Innovative Companies.

7.  Defendants are manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, using, making, offering for sale and/or selling Infringing Products through Defendants' Merchant Storefronts and User Accounts.

8.  Defendants are not an authorized distributor or licensee of the patented Hyperice Products. Neither Plaintiffs, nor any of Plaintiffs' authorized agents, have consented to Defendants' use of the Hyperice Patents.

9.  Plaintiffs are likely to prevail on their Patent Act claim at trial.

10.  As a result of Defendants' infringements, Plaintiffs, as well as consumers, are likely to suffer immediate and irreparable losses, damages and injuries before Defendants can be heard in opposition, unless Plaintiffs' Application for *ex parte* relief is granted:

   a.  Defendants have offered for sale and sold substandard Infringing Products in the United States that infringe the Hyperice Patents;

   b.  Plaintiffs have well-founded fears that more Infringing Products will appear in the United States marketplace; that consumers may be misled, confused and disappointed by the quality of these Infringing Products, resulting in injury to Plaintiffs' reputation and goodwill; and that Plaintiffs may suffer loss of sales for the Hyperice Products; and

2

c. Plaintiffs have well-founded fears that if they proceed on notice to Defendants on this Application, Defendants will: (i) secret, conceal, destroy, alter, sell-off, transfer or otherwise dispose of or deal with Infringing Products or other goods that infringe the Hyperice Patents, the means of obtaining or manufacturing such Infringing Products, and records relating thereto that are in their possession or under their control, (ii) inform their suppliers and others of Plaintiffs' claims with the result being that those suppliers and others may also secret, conceal, sell-off or otherwise dispose of Infringing Products or other goods infringing the Hyperice Patents, the means of obtaining or manufacturing such Infringing Products, and records relating thereto that are in their possession or under their control, (iii) secret, conceal, transfer or otherwise dispose of their ill-gotten proceeds from its sales of Infringing Products or other goods infringing the Hyperice Patents and records relating thereto that are in their possession or under their control and/or (iv) open new websites, User Accounts and Merchant Storefronts under new or different names and continue to offer for sale and sell Infringing Products with little to no consequence.

11. The balance of potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiffs, their business, the goodwill and reputation built up in and associated with the Hyperice Patents and to their reputation if a temporary restraining order is not issued.

12. Public interest favors issuance of the temporary restraining order in order to protect Plaintiffs' interests in and to their Hyperice Patents, and to protect the public from being deceived and defrauded by Defendants' Infringing Products.

13.    Plaintiffs have not publicized their request for a temporary restraining order in any way.

14.    The next issue is Plaintiffs' request for alternative service for the Defendants through (1) "registered electronic mail," (2) "website publication," and (3) "FedEx." (Mem. 17.)[2] Plaintiffs contend that the address for Defendant E Hung Tat International Group Co., Limited d/b/a JQX-US ("E Hung Tat") is either (1) Room 1306, 13th Floor, Zhenqian Building, Yau Song Road, Shenzhen, Longhua District, Guangdong Province, China and/or (2) Flat 1512, 15/F, Lucky Centre, No.165-171 Wan Chai Road, Wan Chai Hong Kong. (Compl. ¶ 8.)[3] Plaintiffs also contend that the address for Defendant Jinyun Lige Technology Co., Ltd. d/b/a Jinyunligekeji ("Jinyun Lige") is "Jinyun County, Lishui City, Zhejiang Province, Room 201, 2nd Floor, Building 2, No. 1, Hong Road, Xinbi Street, Lishui City, Zhejiang Province 321403 China." (*Id.* ¶ 9.) This means that the listed addresses are either in China or Hong Kong.

15.    Federal Rule of Civil Procedure 4(f) allows three means of service on a defendant in a foreign country: "(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice . . .; or (3) by other means not prohibited by international agreement, as the court orders." "The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court." *Vega v. Hastens Beds, Inc.*, 342 F.R.D. 61, 64 (S.D.N.Y. 2022) (internal quotation marks omitted).

---

[2] "Mem." refers to Plaintiffs' memorandum of law in support of the Application, dated May 1, 2025.
[3] "Compl." refers to Plaintiffs' complaint filed, May 1, 2025.

16.     The first inquiry under Rule 4(f)(1) is whether the Hague Convention applies at all. *See* Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 1969 WL 97765 [hereinafter Hague Convention]. Even if a nation is a signatory to the Hague Convention, it "applies only where the defendant's address is 'known.'" *See Safavieh Intl, LLC v. Chengdu Junsen Fengrui Tech. Co., Ltd.*, No. 23-CV-3960, 2023 WL 3977505, at *5 (S.D.N.Y. June 13, 2023). An address is "not known" if a plaintiff demonstrates that it "exercised reasonable diligence in attempting to discover a physical address for service of process and was unsuccessful in doing so." *Advanced Access Content Sys. Licensing Adm'r, LLC v. Shen*, No. 14-CV-1112, 2018 WL 4757939, at *4 (S.D.N.Y. Sept. 30, 2018). "Plaintiffs have been found to have exercised reasonable diligence to discover a physical address where the plaintiff [1] researched defendant's websites associated with defendant's domain names, [2] completed multiple Internet-based searches, [3] called known phone numbers, and [4] conducted in-person visits, where the plaintiff [5] performed extensive investigation and [6] issued subpoenas to the relevant domain registrars and email providers, and where a plaintiff [7] has attempted to obtain the defendant's address in a variety of ways." *Pinkfong Co., Inc. v. Avensy Store* ("*Pinkfong I*"), No. 23-CV-09238, 2023 WL 8531602, at *2 (S.D.N.Y. Nov. 30, 2023) (citations omitted and alterations adopted). In short, alternative service may be available if the Hague Convention does not apply because the address is "unknown." If the address is "known," however, then the Hague Convention applies. Even still, Article 15 of the Hague Convention provides that "[n]otwithstanding the provisions of the preceding paragraphs the judge may order, in case of urgency, any provisional or protective measures." Hague Convention art. 15. In other words, in the event the Hague Convention applies, a party must demonstrate the requisite "urgency" to succeed on a motion for alternative service. *Id.*

17.     Plaintiffs allege that Defendants are "foreign individuals and/or entities based in China and/or Hong Kong." (Mem. 16.) Plaintiffs' counsel declares that both Defendants "share a common owner or are otherwise related as they both sell JQX branded Infringing Products." (Levine Decl. ¶ 18.)[4] Plaintiffs do not dispute that China and Hong Kong are signatories to the Hague Convention. (Mem. 21, 23.) Plaintiffs located their respective addresses in China, which were found on their Merchant Storefronts on Amazon.com. (Levine Decl. ¶ 19.) Plaintiffs' counsel took affirmative steps to confirm the accuracy of these addresses, including through online searches on a "Chinese company registration website," which sources its information from official websites. (*Id.* ¶¶ 22–23.) From these steps, Plaintiffs' counsel determined that the address associated with Defendant E Hung Tat was "false and/or outdated" because it is registered as a Hong Kong entity with a Hong Kong address. (*Id.* ¶ 24.)

18.     I address each Defendant in turn. First, as to Defendant E Hung Tat, Plaintiffs argue that the China address listed on Amazon Merchant Storefront is "false and/or outdated" because the company is a Hong Kong entity with a Hong Kong address. (Levine Decl. ¶ 24.) Based on the steps that Plaintiffs have taken to identify E Hung Tat's address, I find that its address is not "known," so the Hague Convention does not apply. *See Pinkfong Co., Inc. v. Avensy Store* ("*Pinkfong II*"), No. 23-CV-09238, 2023 WL 8530159, at *3 (S.D.N.Y. Nov. 30, 2023) (allowing alternative service only as to defendants who had "false addresses"); Temporary Restraining Order, *Telebrands Corp. v. Adward Runbaifan*, No. 23-CV-1063 (S.D.N.Y. Feb. 23, 2023), ECF No. 18 ¶ 6 (permitting alternative service of the temporary restraining order for all defendants because their addresses were "not known"). Because E Hung Tat's address is not "known" such that the Hague Convention applies, Plaintiffs' motion for alternative service as to Defendant E

---

[4] "Levine Decl." refers to the Declaration of Melissa J. Levine in support of the Application, dated May 1, 2025.

Hung Tat is GRANTED.

19.     In contrast, Plaintiffs have failed to demonstrate the address for Defendant Jinyun Lige is not known.  Plaintiffs list an address in China for Jinyun Lige.  (Compl. ¶ 9.)  According to Plaintiffs, "[f]oreign infringers" of U.S. patent law, "like Defendants, have been known to use aliases, false addresses and other incomplete identification information to shield their true identities."  (Mem. 17.)  However, Plaintiffs offer no evidence or explanation as to why this specific address for Jinyun Lige is false or outdated.  Nor does Plaintiffs explain the steps they have taken to confirm it is an accurate address.  For example, Plaintiffs could have mailed test documents, called known phone numbers if they exist, conduct in-person visits, or issue subpoenas. *See Pinkfong I*, 2023 WL 8531602, at *2.  Because Jinyun Lige's address is "known," the Hague Convention applies.

20.     Thus, Plaintiffs must demonstrate that the Hague Convention does not prohibit the proffered alternative service by email, online publication, and FedEx.  *See Pinkfong I, 2023* WL 8531602, at *1.  To be sure, several courts have found that China has objected to service by email under the Hague Convention.  *See Safavieh*, 2023 WL 3977505, at *4.  Based on this objection and other considerations, Judge Gregory H. Woods held that service by email on the Chinese defendants in that case was not permitted by the Hague Convention.  *See Smart Study v. Acuteye-Us*, 620 F. Supp. 3d 1382, 1393 (S.D.N.Y. 2022), *appeal docketed*, No. 24-313 (2d Cir. Jan. 31, 2024).   "Many courts in this circuit have since adopted the court's holding in *Smart Study*."  *Safavieh*, 2023 WL 3977505, at *5 (collecting cases).

21.     More recently, however, several courts in this District have allowed alternative service of TRO and preliminary-injunction orders by electronic means as to certain Chinese defendants based on the "urgency" exception under Article 15 of the Hague Convention.  For

example, shortly after *Smart Study* was decided, Judge Jesse M. Furman exercised his discretion in allowing alternative service by email of TRO and preliminary-injunction orders, but not as to default judgment, under the "urgency" exception.  *See* Hr'g Tr., *Moonbug Ent. Ltd. v. 012 Stickers Store*, No. 22-CV-2394 (S.D.N.Y. Nov. 14, 2022), ECF No. 43 at 5:18–6:13.  Similarly, Judge Denise L. Cote interpreted *Smart Study* to be limited to the default-judgment context, without preclusive effect as to "granting interim relief."  *ABC v. DEF*, No. 24-CV-8341, 2024 WL 5168624, at *2 (S.D.N.Y. Dec. 13, 2024).  In that case, Judge Cote allowed service by email because Plaintiff's counsel had "shown that the exigencies of [the] case, including the urgent need to address ongoing counterfeiting activity."  *Id.*  Judge Cote concluded that "service of the TRO and its related Orders may be made by email on all Defendants appearing to reside in China."  *Id.* Judge Dale E. Ho cited Judge Cote's opinion in holding the same and granting the requested TRO. *See Intersell Ventures, LLC v. 1688 Factory Direct Store Store*, No. 25-CV-408, 2025 WL 485715, at *6 (S.D.N.Y. Feb. 11, 2025).  Indeed, Judge Woods—who issued *Smart Study* in 2022—has also allowed alternative service by electronic means of a TRO based on the "urgency" exception because plaintiffs had demonstrated that "they face irreparable harm from defendants' ongoing infringing activities."  Temporary Restraining Order, *Spin Master Ltd. v. Agan*v, No. 24-CV-4007 (S.D.N.Y. Sept. 13, 2024), ECF No. 20 ¶ 6.  Judge Woods found that "many of counsel's attempts to serve similar defendants in similar cases in the manner prescribed by the Hague Convention . . . have been unsuccessful, and that any attempt to serve [d]efendants in this manner would take longer than six months."  *Id.*  Judge Woods held the same in another recent case.  *See* Temporary Restraining Order, *Loewe, S.A. v. Beijing Onward Fashion Co., Ltd.*, No. 24-CV-8871, (S.D.N.Y. Nov. 22, 2024), ECF No. 20 ¶ 6 (same).

22.    I agree with the recent line of cases that disagreed with or narrowly interpreted

*Smart Study*. Plaintiffs here have demonstrated that it will face irreparable harm from Defendants' continuing trademark infringements. Plaintiff's counsel, based on their efforts here and experience in other similar cases, have made numerous attempts to serve similar defendants unsuccessfully, demonstrating the "urgency" contemplated by Article 15 of the Hague Convention.[5] Therefore, Plaintiffs' motion for alternative service as to Defendant Jinyun Lige is GRANTED.

23.     In sum, service on Defendants using electronic means, website publication, and FedEx is reasonably calculated to result in proper notice to Defendants.

24.     If Defendants are given notice of the Application, they are likely to secret, conceal, transfer or otherwise dispose of their ill-gotten proceeds from their sales of Infringing Products or other goods infringing the Hyperice Patents. Therefore, good cause exists for granting Plaintiffs' request for an asset restraining order. It typically takes the Financial Institutions a minimum of five (5) days after service of the Order to locate, attach and freeze Defendants' Assets and/or Defendants' Financial Accounts and it is anticipated that it will take the Third Party Service Providers a minimum of five (5) days to freeze Defendants' User Accounts and Merchant Storefronts. As such, the Court allows enough time for Plaintiffs to serve the Financial Institutions and Third Party Service Providers with this Order, and for the Financial Institutions and Third Party Service Providers to comply with Paragraphs I(B)(1) and I(C)(1) of this Order, respectively, before requiring service on Defendants.

25.     Similarly, if Defendants are given notice of the Application, they are likely to destroy, move, hide or otherwise make inaccessible to Plaintiffs the records and documents relating to Defendants' manufacturing, importing, exporting, advertising, marketing, promoting,

---

[5] I note that this is a close call. Plaintiffs have failed to point to any steps they have taken to confirm Defendant Jinyun Lige's address, such as mailing test documents.

distributing, displaying, making, using, offering for sale and/or sale of Infringing Products. Therefore, Plaintiffs have good cause to be granted expedited discovery.

## ORDER

Based on the foregoing findings of fact and conclusions of law, Plaintiffs' Application is hereby **GRANTED** as follows:

## I.     Temporary Restraining Order

A. IT IS HEREBY ORDERED, as sufficient cause has been shown, that Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with Defendants, are hereby restrained and enjoined from engaging in any of the following acts or omissions for fourteen (14) days from the date of this order, and for such further period as may be provided by order of the Court:

1)     manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, making, using, offering for sale, selling and/or otherwise dealing in Infringing Products, or any other products that utilize the technology of one or more claims in the Hyperice Patents;

2)     operation of Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts in violation of this Order;

3)     directly or indirectly infringing in any manner Plaintiffs' Hyperice Patents;

4)     making, using, selling, importing and/or offering to sell products that infringe the Hyperice Patents;

5)     secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Infringing Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to

Defendants' User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, making, using offering for sale and/or sale of Infringing Products;

6)  effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, website, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, making, using, offering for sale and/or sale of Infringing Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order;

7)  knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs I(A)(1) through I(A)(6) above and I(B)(1) and I(C)(1) below.

B.  IT IS HEREBY ORDERED, as sufficient cause has been shown, that Defendants and all persons in active concert and participation with Defendants who receive actual notice of this Order, including the Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order, are hereby restrained and enjoined from engaging in any of the following acts or omissions for fourteen (14) days from the date of this order, and for such further period as may be provided by order of this Court:

1)  secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court; and

2)  instructing, aiding, or abetting Defendants and/or any other person or business entity in engaging in any of the activities referred to in subparagraphs I(A)(1) through I(A)(6),

I(B)(1) and I(C)(1) above, including, without limitation, by providing services necessary for Defendants to continue operating Defendants' User Accounts and Merchant Storefronts in violation of this Order.

C.  IT IS HEREBY ORDERED, as sufficient cause has been shown, that immediately upon receipt of service of this Order, Defendants and all persons in active concert and participation with Defendants who receive actual notice of this Order, including the Third Party Service Providers who satisfy those requirements, are restrained and enjoined from engaging in any of the following acts or omissions for fourteen (14) days from the date of this order, and for such further period as may be provided by order of this Court:

1)    operation of Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts in violation of this Order; and

2)    instructing, aiding, or abetting Defendants and/or any other person or business entity in engaging in any of the activities referred to in subparagraphs I(A)(1) through I(A)(6), I(B)(1) and I(C)(1) above, including, without limitation, by providing services necessary for Defendants to continue operating Defendants' User Accounts and Merchant Storefronts in violation of this Order.

## II.  Order to Show Cause Why A Preliminary Injunction Should Not Issue And Order Of Notice

A.  Defendants are hereby ORDERED to show cause before this Court in at a telephonic hearing on **June 5, 2025 at 11 a.m.**, why a preliminary injunction, pursuant to Fed. R. Civ. P. 65(a), should not issue. The dial-in number is **1-855-244-8681** and the access code is **2309 3085 835**. There is no attendee ID.

B. IT IS FURTHER ORDERED that opposing papers, if any, shall be filed electronically with the Court and served on Plaintiffs' counsel by delivering copies thereof to the office of Epstein Drangel LLP at 60 East 42nd Street, Suite 1250, New York, NY 10165, Attn: Jason M. Drangel on or before **May 29, 2025**.  Plaintiffs shall file any Reply papers on or before **June 3, 2025.**

C. IT IS FURTHER ORDERED that Defendants are hereby given notice that failure to appear at the show cause hearing scheduled in **Paragraph II(A)** above may result in the imposition of a preliminary injunction against them pursuant to Fed. R. Civ. P. 65, which may take effect immediately upon the expiration of this Order, and may extend throughout the length of the litigation under the same terms and conditions set forth in this Order.

### III.    Asset Restraining Order

A. IT IS FURTHER ORDERED pursuant to Fed. R. Civ. P. 64 and 65 and N.Y. C.P.L.R. 6201 and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order, the Financial Institutions shall locate and attach Defendants' Financial Accounts and shall provide written confirmation of such attachment to Plaintiffs' counsel.

### IV.    Order Authorizing Bifurcated and Alternative Service by Electronic Means

A. IT IS FURTHER ORDERED pursuant to Fed. R. Civ. P. 4(f)(3), as sufficient cause has been shown, that service may be made on, and shall be deemed effective if it is completed by the following means:

1)        delivery of a copy of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiff's Application via Federal Express to Defendants' address, Flat 1512, 15/F, Lucky Centre, No.165-171 Wan Chai Road, Wan Chai Hong Kong; and

2)     delivery of: (i) a PDF copy of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiffs' Application and (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where Defendants will be able to download PDF copies of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiffs' Application seeking this Order to Defendants' e-mail address(es), to be determined after having been identified by Amazon pursuant to **Paragraph V(C)**.

B.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service by electronic means ordered herein shall be deemed effective as to Defendants, Third Party Service Providers and Financial Institutions through the pendency of this action.

C.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service by electronic means ordered herein shall be made within five (5) days of the Financial Institutions and Third Party Service Providers' compliance with **Paragraphs III(A)** and **V(C)** of this Order.

D.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that service may be made and shall be deemed effective as to the following if it is completed by the below means:

1)     delivery of: (i) a true and correct copy of this Order via Federal Express to Amazon.com, Inc. at Corporation Service Company 300 Deschutes Way SW, Suite 304, Tumwater, WA 98501, (ii) a PDF copy of this Order or (iii) a link to a secure website where Amazon.com, Inc. and Amazon Pay will be able to download a PDF

14

copy of this Order via electronic mail to tro-notices@amazon.com and ostephmu@amazon.com;

2) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

3) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to thirdpartyrequests@payoneer.com; and

4) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to legal-int@pingpongx.com.

### V. Order Authorizing Expedited Discovery

A. IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1) Within fourteen (14) days after receiving service of this Order, Defendants shall serve upon Plaintiffs' counsel a written report under oath providing:

   a. its true name and physical address;

   b. the name and location and URL of any and all websites that Defendants own and/or operate and the name, location, account numbers and URL for any and all User Accounts and Merchant Storefronts on any Third Party Service Provider platform that Defendants own and/or operate;

   c. the complete sales records for any and all sales of Infringing Products, including but not limited to number of units sold, the price per unit, total gross revenues received (in U.S. dollars) and the dates thereof;

     d.  the account details for any and all of Defendants' Financial Accounts, including, but not limited to, the account numbers and current account balances; and

     e.  the steps taken by Defendants, or other person served to comply with **Section I**, above.

2)    Plaintiffs may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiffs' counsel.

3)    Plaintiffs may serve requests for the production of documents pursuant to Fed. R. Civ. P. 26 and 34, and Defendants in their response to the requests for the production of documents shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiffs' counsel.

B.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order the Financial Institutions served with this Order shall identify any and all of Defendants' Financial Accounts, and provide Plaintiffs' counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants, including contact information for Defendants (including, but not limited to, mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendants' Financial Accounts and confirmation of said compliance with this Order.

C.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order, the Third Party Service Providers served with this Order shall

identify any and all of Defendants' User Accounts and Merchant Storefronts, and provide Plaintiffs' counsel with a summary report containing account details for any and all websites, User Accounts and Merchant Storefronts, which shall include, at a minimum, identifying information for Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, contact information for Defendants (including, but not limited to, mailing addresses and e-mail addresses) and confirmation of said compliance with this Order.

D.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1)    Within fourteen (14) days of receiving actual notice of this Order, all Financial Institutions who are served with this Order shall provide Plaintiffs' counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to any and all of Defendants' Financial Accounts, including, but not limited to, documents and records relating to:

a.  account numbers;

b.  current account balances;

c.  any and all identifying information for Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, names, addresses and contact information;

d.  any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents and if a business entity, any and all business documents provided for the opening of each of Defendants' Financial Accounts;

e.  any and all deposits and withdrawals during the previous year from each and every one of Defendants' Financial Accounts and any and all supporting documentation,

17

including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and

    f.   any and all wire transfers into each and every one of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number.

E.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

    1)   Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers served with this Order shall provide to Plaintiffs' counsel all documents and records in its possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

        a.   any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all of Defendants' User Accounts and Defendants' Merchant Storefront(s) that Defendants have ever had and/or currently maintain with the Third Party Service Providers that were not previously provided pursuant to Paragraph V(C);

        b.   the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided pursuant to Paragraph V(C);

        c.   the nature of Defendants' business and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not

limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

d.  Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, making, using, offering for sale and/or selling of Infringing Products, or any other products using the Hyperice Patents.

## VI.    Security Bond

A.  IT IS FURTHER ORDERED that Plaintiffs shall place security in the amount of five-thousand Dollars ($5,000) with the Court which amount is determined adequate for the payment of any damages any person may be entitled to recover as a result of an improper or wrongful restraint ordered hereunder.

## VII.    Sealing Order

A.  IT IS FURTHER ORDERED that Plaintiffs' Complaint and exhibits attached thereto, and Plaintiffs' *ex parte* Application and the Declarations of Brian G. Arnold and Melissa J. Levine in support thereof and exhibits attached thereto, and this Order shall remain sealed until the Financial Institutions and Third Party Service Providers comply with **Paragraphs I(B)-(C), III(A) and V(C)** of this Order.

SO ORDERED.

Dated:    May 22, 2025
          New York, New York

Vernon S. Broderick
United States District Judge