**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
HYPER ICE, INC., *et al.*,

                                 Plaintiffs,

                     -against-

E HUNG TAT INTERNATIONAL GROUP
CO., LIMITED, *et al.*,

                                 Defendants.
-------------------------------------------------------------------X

**REPORT &**
**RECOMMENDATION**

**25-CV-3643 (VSB) (JW)**

**To the Honorable Vernon S. Broderick, United States District Judge:**

On December 15, 2025, the undersigned issued a report and recommendation **DENYING** Chinese-based Defendants' E Hung Tat International Group Co., Limited d/b/a JQX-US and Defendant Jinyun Lige Technology Co., Ltd. d/b/a Jinyunligekeji (collectively, the "Defendants") motion to dismiss pursuant to Rule 12(b)(5).  Dkt. No. 37.

As part of its analysis, the Court joined the "several courts in this District [that] have allowed alternative service of TRO and preliminary-injunction orders by electronic means as to certain Chinese defendants based on the 'urgency' exception under Article 15 of the Hague Convention."  Id. at 12.  Because the Court found that Plaintiffs sufficiently demonstrated "urgency," the Court found that alternative service onto Defendants was permitted.  Id.   And even assuming *arguendo* that alternative service was not permissible, the undersigned recommended that the Court use its discretion to decline to dismiss the case and direct Plaintiffs to serve Defendants through their United States counsel, since Defendants' counsel had

"appeared before the Court and filed several briefs, including the instant motion to dismiss and an opposition brief to Plaintiffs' motion for preliminary injunction." Id. at 14; see Dkt. Nos. 9–10; see Spin Master, Ltd. V. Aomore-US, No. 23 Civ. 7099 (DEH), 2024 WL 3030405, at *12 (S.D.N.Y. June 17, 2024) (declining to dismiss for lack of proper service where defendants "appeared before the court and fully briefed several motions").

On December 18, 2025—three days after the issuance of the Report and Recommendation at Dkt. No. 37—the Second Circuit affirmed a lower court decision, as a matter of first impression, that "the Hague Service Convention does not permit email service on [] China-based defendants." Smart Study Co., LTD v. Shenzhenshixindajixieyouxiangongsi, No. 24-313, slip op. at 6 (2d Cir. Dec. 18, 2025). In light of this ruling, the undersigned strikes its previous analysis (see Dkt. No. 37 at 12–13) finding that alternative service by email was permitted under the Hague Convention as to Defendants.  However, for reasons more fully articulated at Dkt. No. 137, the undersigned still recommends that Defendants' motion to dismiss be **DENIED**, as the Court should use its discretion to allow Plaintiffs to perfect service on Defendants through their United States based counsel.

SO ORDERED.

DATED:    New York, New York
          December 18, 2025

_Jennifer E. Willis_
JENNIFER E. WILLIS
United States Magistrate Judge

2