UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
:
HYPER ICE, INC., *et al.*,                              :
:
                                   Plaintiffs,          :
:                           25-CV-3643 (VSB) (JW)
                    - against -                          :
:                           **OPINION & ORDER**
:
E HUNG TAT INTERNATIONAL GROUP         :
CO., LIMITED, *et al.*,                                 :
:
                                   Defendants.  :
:
----------------------------------------------------------X

Appearances:

Ashly Erin Sands
Danielle S. Futterman
Gabriela N. Nastasi
Jason M. Drangel
Melissa Levine
Epstein Drangel LLP
New York, NY
*Counsel for Plaintiffs*

Qianwu Yang[1]
SHM Law Firm
Palo Alto, CA
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

        On May 1, 2025, Plaintiffs Hyper Ice, Inc. and Hyperice IP Subco, LLC (collectively,

"Plaintiffs") filed their complaint against China-based merchants, Defendants E Hung Tat

International Group Co., Limited d/b/a JQX-US ("E Hung Tat") and Jinyun Lige Technology

---

[1] On July 8, 2025, Defendants' counsel Qianwu Yang of California-based firm SHM Law Firm moved to appear pro hac vice before the Court.  (Doc. 8.)  However, this pro hac vice motion has still not been approved by this Court because the original motion had a filing deficiency, and it has since not been re-filed.

Co., Ltd. d/b/a Jinyunligekeji ("Jinyun Lige") (collectively, "Defendants").  (Doc. 13

("Compl.").)  Plaintiffs' patent infringement suit arises out of Defendants' making, using,

selling, and/or importing of unauthorized and unlicensed products that infringe on Plaintiffs' two

patents, or the Hyperice Patents.  (*See id.* ¶¶ 1, 36–42, 43–49.)  That same day, Plaintiffs filed an

*ex parte* application for, *inter alia*, a temporary restraining order and an order authorizing

bifurcated and alternative service on Defendants, (Doc. 24), accompanied by a memorandum of

law, (Doc. 23), and two declarations, (Docs. 21, 22).  On May 22, 2025, I granted Plaintiffs'

temporary restraining order and found that "service on Defendants using electronic means,

website publication, and FedEx is reasonably calculated to result in proper notice to

Defendants."  (Doc. 25 ("TRO") at 9.)  I found that "[b]ased on the steps that Plaintiffs have

taken to identify E Hung Tat's address," E Hung Tat's address "is not 'known,' so the Hague

Convention does not apply," and Plaintiff could serve Defendant E Hung Tat by alternative

means pursuant to Federal Rule of Civil Procedure 4(f)(3).  (TRO at 6.)  I also granted

alternative service for Defendant Jinyun Lige even though Plaintiffs failed to establish that

Jinyun Lige's address was "unknown," because other courts in this District have allowed

alternative service of TRO and preliminary-injunction orders by electronic means as to certain

Chinese defendants based on the "urgency" exception under Article 15 of the Hague

Convention."  (TRO at 7–9 (collecting cases).)

On July 8, 2025, Defendants filed an opposition to Plaintiffs' preliminary injunction

motion, (Doc. 10), and a motion to dismiss for insufficient process pursuant to Rule 12(b)(5) of

the Federal Rules of Civil Procedure, (Doc. 9).  On July 28, 2025, Plaintiffs filed a memorandum

of law in opposition to Defendants' motion to dismiss.  (Doc. 34.)  On August 4, 2025,

Defendants filed a reply in further support of their motion to dismiss.  (Doc. 35.)  On August 5,

2025, I referred the case to Magistrate Judge Jennifer E. Willis for general pretrial purposes and for a Report & Recommendation on Defendants' motion to dismiss.  (Doc. 36.)

On December 15, 2025, Judge Willis issued a 15-page Report and Recommendation (the "Report and Recommendation" or "Report"), which was amended on December 18, 2025 in light of the Second Circuit's decision in *Smart Study Co., Ltd v. Shenzhenshixindajixieyouxiangongsi*, 164 F.4th 164 (2d Cir. 2025), recommending that I deny Defendants' motion to dismiss based on insufficient service of process and exercise my discretion to order Plaintiffs to perfect service on Defendants through their United States based counsel.  (*See* Doc. 37 ("Report") at 13–15, Doc. 38 ("Am. Report" or "Amended Report") at 2.)

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  "To accept the report and recommendation of a magistrate [judge], to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record."  *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous." (internal quotation marks omitted)).

Although the Report explicitly provided that "[p]ursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days from service of this Report to file written objections," (Report at 15), no party filed an objection or requested additional time to do so.  I have reviewed Judge Willis' detailed and well-reasoned Report and Recommendation, altered by the Amended Report, for clear error and, after careful

3

review, find none.  I therefore ADOPT the Report and Recommendation, altered by the

Amended Report, in its entirety.

Plaintiffs shall serve the Summons, Complaint, Judge Willis' Report, the Amended

Report, and this Opinion & Order on Defendants' U.S.-based counsel by March 16, 2026.

Plaintiffs shall file a certificate of service on the docket within three days of service.  The Clerk

of Court is respectfully directed to close the motion at Document 9.

SO ORDERED.

Dated:        March 2, 2026
              New York, New York

Vernon S. Broderick
United States District Judge

4